KLEIN, Judge.
Appellant, who performed audit services for appellee, appeals a summary judgment entered against him on his claim for extra work. We reverse.
Tri-County Commuter Rail Authority (TriRail) entered into a contract with appellant, a C.P.A., to perform audit services for a period of 70 days for a maximum payment not in excess of $20,000. The contract contained two provisions under which appellant could receive additional compensation:

TIME FOR PERFORMANCE

4.2. In the event CONSULTANT is unable to complete the above services because of delays resulting from untimely review and approval by TCRA or other governmental authorities having jurisdiction over the Project, and such delays are not the fault of CONSULTANT, TCRA shall grant a reasonable extension of time for completion of the work. It shall be the responsibility of CONSULTANT to notify TCRA promptly in writing whenever a delay is anticipated or experienced, and to inform TCRA of facts and details related to the delay. In the event that a reasonable extension of time for completion is granted to CONSULTANT, TCRA agrees to compensate CONSULTANT for CONSULTANT’S additional costs, in accordance with Section 5.2 hereof, should such additional costs be incurred over and above the guaranteed maximum fee set forth in Section 5.1.
[[Image here]]

ADDITIONAL SERVICES AND CHANGES IN SCOPE OF SERVICES

6.1 TCRA or CONSULTANT may request changes that would increase, or otherwise modify the Scope of Services to be provided under this Agreement. Such changes must be contained in a written amendment, executed by the parties hereto, with the same formality and of equal dignity herewith, prior to any deviation from the terms of this Agreement including the initiation of any additional services. TCRA shall compensate CONSULTANT on a basis to be negotiated or as provided for in Section 5.2 hereof, which may be applied for a period not to exceed three (3) months beyond the completion date of this Agreement.
When delays caused by Tri-Rail occurred, appellant sought an extension of time under article 4.1 and an increase in his maximum payment from $20,000 to $40,000 under article 6.1, both of which were granted and incorporated in an amendment to the contract.
After the costs of his services reached the $40,000 maximum, appellant continued to render further services, and when he sought payment for all of the services he had rendered, Tri-Rail paid the $40,000 maximum, but refused to pay for the additional work, although it apparently did not dispute the fact that the work was performed.
Appellant sued, and the trial court entered a summary judgment in favor of Tri *990 Rail based on article 6.1, reasoning that there was no written amendment pursuant to that article for payment over $40,000. Appellant argues that the amount which he billed in excess of $40,000 was performed pursuant to article 4.2, and that additional compensation under that article does not have to be in writing as did additional compensation under article 6.1. We agree. The trial court’s interpretation of the two provisions, which was that they had to be read together, requiring additional compensation under article 4.2 to be put in writing pursuant to article 6.1, is incorrect because they cover different types of extra services.
Article 4.2 provides for additional compensation as a result of extra work because of delays caused by Tri-Rail or other governmental authorities, and article 6.1 pertains to modification of the “scope of services to be provided” under the contract. If the extra services for which appellant seeks payment resulted from delays, as set forth in article 4.2, he would be entitled to be paid without the formality of the amendment required by article 6.1. The summary judgment is therefore reversed.
Appellant also argues that the trial court should have granted his motion for summary judgment; however, we are not convinced on the state of this record that he carried the burden necessary to entitle him to a summary judgment on the issue of whether the extra work was performed pursuant to and authorized as required by article 4.2.
Reversed and remanded.
DELL, C.J. and GUNTHER, J., concur.